AO 91, Rev. 11/82 (B. McKeon Authorizing)   **CRIMINAL COMPLAINT**   #02-131

# United States District Court

**DISTRICT:** Eastern District of Pennsylvania

**UNITED STATES OF AMERICA**
v.
Ernest Williams
Gerald Richards
Gordon Thomas

**DOCKET NO.** 03-CR-22-1 ← FILE

**MAGISTRATE'S CASE NO.** 02-389-M

FILED
MAY 9 2002
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

Complaint for violation of Title 21 United States Code § 846, 841(a)(1) and 841(b)(1)(A)

| NAME OF JUDGE OR MAGISTRATE | OFFICIAL TITLE | LOCATION |
|---|---|---|
| Honorable PETER SCUDERI | U.S. Magistrate Judge | Philadelphia, PA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| May 8, 2002 | Philadelphia, PA | |

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**

On or about May 8, 2002, defendants Ernest Williams, Gerald Richards and Gordon Thomas, knowingly and intentionally conspired and agreed to distribute, and knowingly and intentionally distributed, and possessed with intent to distribute, in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**

SEE AFFIDAVIT ATTACHED HERETO.

**MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:**

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

*[signature: Jeremy S Peres]*

**SIGNATURE OF COMPLAINANT (official title)**
Jeremy S. Peres

**OFFICIAL TITLE**
Special Agent, DEA

Sworn to before me and subscribed in my presence.

**SIGNATURE OF MAGISTRATE** [1]
*[signature]*
Honorable PETER SCUDERI, United States Magistrate Judge

**DATE:** 5/9/02

1) See Federal Rules of Criminal Procedure rules 3 and 54.

AFFIDAVIT                02-389-M

I, Jeremy S. Peres, Special Agent, Drug Enforcement Administration, being duly sworn, according to law, deposes and states as follows:

1.  I am a Special Agent with the Drug Enforcement Administration (DEA), Philadelphia Field Division, assigned to the DEA's Clandestine Laboratory Enforcement Group, investigating methamphetamine trafficking and manufacturing. I have been employed as a Special Agent for the DEA since June of 1997. Prior to this, I was employed by the Metro-Nashville, Tennessee Police Department for approximately three years as a uniform Patrol Officer. I attended a 22-week Basic Police Officer training academy in 1994 and have since attended several training seminars dealing with narcotic law enforcement. I have also attended the DEA 16 week Basic Agent Training Academy in Quantico, Va., as well as the DEA Clandestine Laboratory Safety / Investigation School and Clandestine Laboratory Tactical School. I have participated in over 100 narcotic investigations, resulting in the arrest of numerous suspects. Based upon my law enforcement experience and training, I am familiar with the clandestine manner in which crack cocaine and other controlled substances are manufactured, sold, distributed and used.

2.  As set forth in this affidavit, I have probable cause to believe that defendants Ernest Williams, Gerald Richards and Gordon Thomas conspired to distribute and distributed crack cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). The information in this affidavit is based upon my own personal knowledge, and upon information provided to me from other law enforcement officers involved in this investigation. The probable cause is based on the following information.

3.  On May 8, 2002, a confidential source, hereafter referred to as CS-1, traveled to

the Adams Mark Hotel to purchase four ounces of crack cocaine from defendants Ernest Williams and Gerald Richards.  CS-1 had arranged this transaction through several recorded telephone conversations with both Williams and Richards.  CS-1 met Williams in the rear parking lot of the hotel, where they entered a Ford Taurus that was driven by Richards.  While in this vehicle, CS-1 paid Richards $4700 in cash, and Richards provided CS-1 with a knotted, clear plastic bag containing an off-white, chunky substance, alleged to be crack cocaine, and a High-Point model C-9 9mm handgun, loaded with several rounds.  This meeting was audio-taped and monitored by federal agents.

4. The substance provided by defendants Williams and Richards field tested positive for the presence of cocaine and had a gross weight of approximately 112.2 grams.

5. After the transaction, defendants Ernest Williams and Gerald Richards were detained and placed under arrest.

6. After his arrest, Gerald Richards agreed to record a phone conversation with Gordon Thomas, the source of the cocaine.  During this phone conversation, Thomas agreed to meet Richards at Richards' residence to pick up the $2500 that Richards' owed him for the crack cocaine.

7. Later that same date, federal agents, including your affiant, accompanied Richards to his house.  Upon arrival, Richards recorded several telephone conversations with Thomas, with Thomas confirming that he would come to the house to receive the money owed for the cocaine.  Thomas stated that he was at a pharmacy at 77th Avenue and Ogontz Avenue, in Philadelphia and that he would be delayed.

8. A short time later, another individual (hereinafter "M-1") arrived at Richards' residence and told Richards that Thomas sent him to collect the money that was owed to

Thomas. Richards gave the money to M-1, as Richards knew this individual to be a personal associate of Thomas. This meeting was recorded on video and audio tape.

9. Upon exiting Richards' house, M-1 was detained, and the $2500 given to him by Richards was confiscated.

10. A short time later, Gordon Thomas was arrested as he exited the pharmacy at 77th Avenue and Ogontz Avenue.

Based upon the information set forth above, your affiant believes that there is probable cause to believe that Ernest Williams, Gerald Richards and Gordon Thomas conspired to distribute cocaine base (crack), and distributed cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

*(signature)*
Jeremy S. Peres
Drug Enforcement Administration

Sworn to and subscribed
to before me this _____
day of May, 2002.

*(signature)*
HONORABLE PETER SCUDERI
U.S. MAGISTRATE JUDGE